[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
The plaintiff has moved, pursuant to Section 320 of the Connecticut Practice Book that the jury verdict received and accepted by the Court on February 14, 1991 in favor of the defendants be set aside and that a new trial be order.
The basis for the motion is as follows:
1. The verdict is contrary to the law.
2. The verdict is contrary to the evidence.
 3. The defense counsel made an improper argument to the jury which influenced the jury.
With respect to the first claim the plaintiff charges that his expert witness was improperly precluded from testifying regarding the choice of the subject policy for the plaintiff to purchase or to criticize Mr. Wyse's testimony. CT Page 4274
The subject matter of Mr. Sturrock's testimony was examined during a Motion in Limine argued prior to Mr. Sturrock's testimony. Both counsel and the Court reviewed the proposed testimony and the plaintiff's counsel specifically set forth the parameters of the testimony. The proposed testimony did not include opinions as to the suitability of the policy.
The plaintiff failed to raise any objection to the defendant's Motion in Limine nor did he take any exception to the Court's ruling. Practice Book Section 288 requires a party to except to the ruling in order to make it a grounds for appeal.
Because of the intensive review of the proposed testimony at the time the Motion in Limine was heard and the limitations of testimony which the plaintiff, himself, proposed, there is no basis to set aside the verdict under this claim.
With respect to the plaintiff's claim that the verdict counsel was contrary to the evidence both parties presented evidence concerning the payment of dividends, the completion of the insurance application and the delivery of the insurance guide. It must be assumed that the jury, after hearing the claims made by both parties, accepted the claims of the defendant, denied the claims of the plaintiff and followed the law in reaching their decision. The jury as a trier of the facts is entitled to acceptance of its verdict unless the facts could not possibly support its conclusions.
With respect to the third claim that the argument of counsel was improper, a review of the argument does not suggest a basis for setting aside the verdict. The statements made by counsel for the defendant do not rise to the level which constitutes a "manifest injury to a litigant." Yeske v. Avon Old Farms School, 1 Conn. App. 195,204-05 (1984).
The plaintiff's motion to set aside the verdict is denied and judgment may enter in favor of the defendants.
HON. BARRY JACKAWAY SUPERIOR COURT JUDGE CT Page 4275